# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2010

No. 10-30213
Summary Calendar

Lyle W. Cayce
Clerk

ANNETTE FULTON,

Plaintiff–Appellee,

v.

STEVE CARAWAY, Chief of the Kenner Police Department; PAUL ZENO, Jail Supervisor,

Defendants–Appellants.

ANNETTE FULTON,

Plaintiff–Appellee,

v.

STEVE CARAWAY, Chief; PAUL ZENO, Officer,

Defendants–Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3310

Before WIENER, PRADO, and OWEN, Circuit Judges.

No. 10-30213

PER CURIAM:[*]

Steve Caraway, Chief of the Kenner Police Department, and Paul Zeno, Jail Supervisor (together, Kenner Appellants) appeal from the United States District Court for the Eastern District of Louisiana's denial of their motion requesting a Rule 7(a) reply from plaintiff–appellee Annette Fulton. We conclude that we do not have jurisdiction over this appeal and therefore dismiss it.

Fulton sued Caraway, Zeno, and an unidentified "Officer A," along with the City of Kenner and the Kenner Police Department, in both state and federal court. She alleged violations of state and federal law. The case originally filed in state court was removed to federal district court and was later consolidated with the near-identical case originally filed in federal district court. The City of Kenner, the Kenner Police Department, and Officer A, who has not yet been identified, are not parties to this appeal. In her complaint, Fulton alleged violations of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution and several provisions of the Louisiana Constitution and Civil Code. Fulton sued pursuant to 42 U.S.C. § 1983 and invoked the supplemental jurisdiction of the district court under 28 U.S.C. § 1367 to hear her state law claims.

The Kenner Appellants asserted the defense of qualified immunity to Fulton's claims. They then filed a motion for a Rule 7(a) reply and a memorandum of law in support of that motion, pursuant to a procedure developed by this court through which the district court may require a plaintiff to submit detailed allegations that show the plaintiff will be able to overcome the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30213

defense of qualified immunity.[1]  Fulton opposed the motion.  Deciding that a reply was unnecessary, the district court denied the motion.  This appeal followed.

Because the denial of the motion for a Rule 7(a) reply is not a final judgment, we must address whether this court has jurisdiction to hear the appeal.[2]  We have jurisdiction to determine our jurisdiction.[3]  We requested that the parties brief the question of whether the "order denying the motion . . . is appealable at this stage of the litigation pursuant to [FED. R. CIV. P.] 54(b), or the collateral order doctrine, or whether there exists some other basis of appellate jurisdiction."

The Kenner Appellants argue that we have jurisdiction pursuant to 28 U.S.C. § 1291 and the *Cohen* collateral order doctrine.[4]  They argue that this appeal falls into the "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."[5] They contend that permitting an interlocutory appeal of the district court's denial of their motion for a Rule 7(a) reply vindicates the *Harlow v. Fitzgerald* qualified immunity doctrine[6] by ensuring that the issue of qualified immunity will be decided at the earliest possible time.  The district court's denial of their

---

[1] *See Reyes v. Sazan*, 168 F.3d 158, 159 (5th Cir. 1999); *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc).

[2] *See* 28 U.S.C. §§ 1291-1292.

[3] *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

[4] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

[5] *Id.*

[6] 457 U.S. 800, 807 (1982).

3

motion, they continue, will subject them to discovery, a burden of litigation from which qualified immunity should protect them.[7] They conclude that the order "clearly and finally resolved an important issue separate from the merits of the lawsuit."

We disagree with the Kenner Appellants' conclusion. The Supreme Court has held that even under the required narrow reading of the appealable collateral order doctrine, government officials are permitted to appeal decisions in which the district court denies them qualified immunity.[8] The rationale for permitting such appeals is that qualified immunity is a defense not only from liability, but also from the burdens of litigation.[9] When a district court order denying qualified immunity "turns on an issue of law," the order conclusively determines that the defendant must bear the burdens of discovery, a decision which is "conceptually distinct from the merits of the plaintiff's claim" and "would prove effectively unreviewable on appeal from a final judgment."[10]

We unquestionably would have jurisdiction over an appeal of a denial of a motion to dismiss a § 1983 claim on a defense of qualified immunity.[11] But this case presents a different situation: the Kenner Appellants appeal from a non-dispositive motion. The Supreme Court requires that a collateral order fulfill three stringent conditions to be appealable: it must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, *and* be effectively unreviewable on appeal from a final

---

[7] *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

[8] *Id.* at 526-27.

[9] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945-46 (2009) (citing *Mitchell*, 472 U.S. at 526).

[10] *Id.* at 1946.

[11] *Id.*

No. 10-30213

judgment.[12]  The denial of the motion for a Rule 7(a) *Schultea* reply does not fulfill the first requirement—the order did not conclusively determine the disputed question.  The district court's order does not contain a ruling on whether the facts alleged would overcome qualified immunity, only that they were detailed enough to allow the court to rule on any subsequent dispositive motion.  We are unwilling to expand the collateral order doctrine this far.

*     *     *

We do not have jurisdiction over this appeal; it is therefore DISMISSED.

---

[12] *Martin v. Halliburton*, 618 F.3d 476, 482 (5th Cir. 2010) (quoting *Will v. Hallock*, 546 U.S. 345, 349-50 (2006)).