# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2012

No. 11-10703
Summary Calendar

Lyle W. Cayce
Clerk

MARY DAVALOS,

Plaintiff - Appellee

v.

JASON JOHNS, #8861,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-222

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Mary Davalos brought this lawsuit against Defendant-Appellant Jason Johns, a City of Dallas Police Officer, asserting claims under 42 U.S.C. § 1983 for unlawful arrest and excessive force. Johns appeals the district court's denial of his motion requesting a Rule 7(a) reply from Davalos. We conclude that we have no jurisdiction over this appeal, and we therefore DISMISS the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10703

On February 7, 2011, Mary Davalos ("Davalos") filed this lawsuit in federal district court against Jason Johns ("Johns"), a City of Dallas Police Officer, asserting claims under 42 U.S.C. § 1983 for illegal arrest and excessive force in violation of her Fourth Amendment rights. On April 15, 2011, Johns filed an answer to her complaint, wherein he asserted, inter alia, the defense of qualified immunity.

Johns then filed a motion seeking the court to order Davalos to file a reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure. Under *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc), the district court "may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." *Id.* at 1433-34. In his motion, Johns argued that, under *Schultea*, "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.*" Id.* at 1434; *see also Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Davalos opposed the motion. On July 13, 2011, the district court denied Johns's motion. The court explained that it "ha[d] reviewed Plaintiff's Complaint and [found] that the allegations are pled with sufficient particularity to respond to the defense of qualified immunity, making a Rule 7(a) Reply unnecessary." Johns appealed the court's order.

We must first decide whether we have jurisdiction to hear this interlocutory appeal. Johns argues that we have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291 and *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Under *Cohen*, the collateral order doctrine allows appeals from a "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* To be an immediately appealable order under the *Cohen* collateral order doctrine, an

No. 11-10703

order must: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (citations and internal quotation marks omitted).

Johns argues that the district court's order deprived him of his qualified immunity from suit, because the order "finally resolved the issue of whether Johns was subject to at least limited discovery and other pretrial matters." Johns stresses that the Supreme Court has emphasized that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," and that "even such pretrial matters as discovery are to be avoided if possible." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816-18 (1982)). Johns asserts that we have jurisdiction over this appeal because the district court's order subjects him to discovery—a burden of litigation from which qualified immunity should protect him—and his immunity from this burden is too important and too independent from Davalos's claims to be denied immediate appellate review.

We conclude that we lack jurisdiction over this appeal. We were presented with the same jurisdictional question in *Fulton v. Caraway*, 400 F. App'x 918 (5th Cir. 2010), in which we held that a district court's denial of a motion for a Rule 7(a) reply was not an immediately appealable collateral order. Although *Fulton* is a non-precedential opinion, see 5th Cir. Rule 47.5, we find that its reasoning is sound, persuasive, and applicable to the question before us. In *Fulton*, we explained that the Supreme Court has held that government officials can appeal district court decisions that deny them qualified immunity, to the extent that the district court decisions turn on questions of law. *Id.* at 919-20; *see also Mitchell*, 472 U.S. at 526-28. The Court's rationale is that qualified immunity is not "a mere defense to liability," but "an *immunity from suit*" and the burdens of litigation. *Mitchell*, 472 U.S. at 526. Thus, the *Fulton* court held

3

that "[w]e unquestionably would have jurisdiction over an appeal of a denial of a motion to dismiss a § 1983 claim on a defense of qualified immunity." *Fulton*, 400 F. App'x at 920. However, we stated that a denial of a motion for a Rule 7(a) reply is a "non-dispositive" order that does not fulfill the first requirement of the *Cohen* collateral order doctrine—"the order [does] not conclusively determine the disputed question" of the defendant's entitlement to qualified immunity. *Id.* The court reasoned that the "district court's order does not contain a ruling on whether the facts alleged would overcome qualified immunity, only that they were detailed enough to allow the court to rule on any subsequent dispositive motion." *Id.*

Likewise, in the present case, the district court's denial of Johns's motion is a non-dispositive order that does not finally determine the issue of Johns's qualified immunity from suit. Johns argues on appeal that the district court's order effectively constitutes a denial of qualified immunity on the pleadings. However, we reject Johns's argument. The district court's order states only that "the allegations [in Davalos's complaint] are pled with sufficient particularity to *respond* to the defense of qualified immunity, making a Rule 7(a) Reply unnecessary." (emphasis added). Thus, the district court did not make a ruling that the facts alleged in Davalos's complaint would overcome Johns's defense of qualified immunity. Because the district court's denial of Johns's motion for a Rule 7(a) reply does not conclusively determine the disputed question of Johns's entitlement to qualified immunity, the court's order is not an immediately appealable collateral order.

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction.